# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRITTANY MARTELL,<br><br>Defendant. | CR 17-61-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant Brittany Martell (Martell) has been accused of violating the conditions of her supervised release.  Martell admitted all of the alleged violations. Martell should receive a custodial sentence of time-served, with 10 months of supervised release to follow.  Martell should serve the first 60 days of supervised release in home confinement.  During this 60-day period, Martell should be restricted to her residence at all times except for activities pre-approved by her probation officer.

## II.  Status

Martell pleaded guilty to Possession with Intent to Distribute Methamphetamine on November 15, 2017.  (Doc. 36).  The Court sentenced

Martell to 9 months of custody, followed by 3 years of supervised release. (Doc. 57). Martell's current term of supervised release began on November 19, 2021. (Doc. 99 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on September 17, 2021, requesting that the Court revoke Martell's supervised release. (Doc. 99). The Amended Petition alleged that Martell had violated the conditions of her supervised release: 1) by failing to notify her probation officer of a change in residence; 2) by having contact with people engaged in criminal activity; 3) by failing to report for substance abuse treatment; and 4) by using methamphetamine and amphetamine.

**Initial appearance**

Martell appeared before the undersigned for her initial appearance on September 21, 2021. Martell was represented by counsel. Martell stated that she had read the petition and that she understood the allegations. Martell waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 21, 2021. Martell

2

admitted that she had violated the conditions of her supervised release: 1) by

failing to notify her probation officer of a change in residence; 2) by having

contact with people engaged in criminal activity; 3) by failing to report for

substance abuse treatment; and 4) by using methamphetamine and amphetamine.

The violations are serious and warrant revocation of Martell's supervised release.

Martell's violations are Grade C violations. Martell's criminal history

category is I. Martell's underlying offense is a Class B felony. Martell could be

incarcerated for up to 36 months. Martell could be ordered to remain on

supervised release for up to 12 months, less any custody time imposed. The

United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Martell's supervised release should be revoked. Martell should receive a

custodial sentence of time-served, with 10 months of supervised release to follow.

Martell should serve the first 60 days of supervised release in home confinement.

During this 60-day period, Martell should be restricted to her residence at all times

except for activities pre-approved by her probation officer. This sentence is

sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Martell that the above sentence would be recommended

3

to United States District Judge Brian Morris.  The Court also informed Martell of

her right to object to these Findings and Recommendations within 14 days of their

issuance.  The Court explained to Martell that Judge Morris would consider a

timely objection before making a final determination on whether to revoke her

supervised release and what, if any, sanction to impose.  Martell stated that she

wished to waive her right to object to these Findings and Recommendations, and

that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

> That Brittany Martell violated the conditions of her supervised release: by
> failing to notify her probation officer of a change in residence; by having
> contact with people engaged in criminal activity; by failing to report for
> substance abuse treatment; and by using methamphetamine and
> amphetamine.

The Court **RECOMMENDS:**

> That the District Court revoke Martell's supervised release
> and commit Martell to the custody of the United States Bureau of
> Prisons for a term of time-served, with 10 months of supervised
> release to follow.  Martell should serve the first 60 days of supervised
> release in home confinement.  During this 60-day period, Martell
> should be restricted to her residence at all times except for activities
> pre-approved by her probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

4

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district

court judge, and may waive the right to appear and allocute before a district court

judge.

     DATED this 22nd day of September, 2021.

                                   John Johnston
                                   United States Magistrate Judge